UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| LEADERS OF A BEAUTIFUL STRUGGLE *et al.*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>BALTIMORE POLICE DEPARTMENT *et al.*,<br><br>    *Defendants*. | No. 20-cv-929-RDB |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION
AND MEMORANDUM IN SUPPORT**

On June 24, 2021, the en banc Fourth Circuit issued an opinion in the above-captioned case, directing this Court to enter a preliminary injunction in accordance with its opinion. *See Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 346 & n.12, 348 (4th Cir. 2021). Following that opinion and the issuance of the mandate, *see* ECF No. 53, Plaintiffs and Defendants commenced good-faith negotiations concerning the scope of the injunction that the Fourth Circuit intended.

Plaintiffs now respectfully move the Court for entry of the attached proposed preliminary injunction. Defendants asked Plaintiffs to represent to the Court that, in the interests of preserving their appellate rights, Defendants oppose Plaintiffs' motion. However, Defendants agree that the Fourth Circuit has required this Court to enter a preliminary injunction, and assuming that this Court enters such an injunction, Defendants agree that the specific terms of the attached preliminary injunction comport with the Fourth Circuit's opinion.

1

## BACKGROUND

On April 9, 2020, Plaintiffs filed a complaint challenging the constitutionality of the Aerial Investigation Research ("AIR") program under the Fourth and First Amendments, pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. The same day, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction to halt the program and prevent Defendants' access to any data generated by the program. *See* ECF No. 2. On April 24, this Court entered an order denying Plaintiffs' motion for a preliminary injunction and issued a memorandum opinion explaining its decision. *See* ECF Nos. 32–33. Following this Court's ruling, Plaintiffs filed an interlocutory appeal. *See* ECF No. 34.

On June 24, 2021, the Fourth Circuit, sitting en banc, reversed the denial of Plaintiffs' motion for a preliminary injunction and remanded the case for the entry of a preliminary injunction in accordance with its opinion. 2 F.4th at 346 & n.12, 348.

## ARGUMENT

Plaintiffs seeking a preliminary injunction must establish that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). As to the first *Winter* factor, the en banc Fourth Circuit held that "the AIR program violates the reasonable expectation of privacy individuals have in the whole of their movements," that "accessing its data is a search," and that "its warrantless operation violates the Fourth Amendment." *Leaders of a Beautiful Struggle*, 2 F.4th at 342, 346. The Court further held that "[t]he remaining *Winter* factors counsel in favor of preliminary relief." *Id.* at 346. Specifically, (1) because there is a likely constitutional violation, there is irreparable harm; (2) the balance of the equities favors

preliminary relief because the state is not harmed by being prevented from engaging in likely unconstitutional acts; and (3) the public interest favors protecting constitutional rights. *Id.* The Court then remanded the case for further proceedings consistent with its opinion. *Id.* at 348.

Plaintiffs' proposed injunction would limit Defendants' access to AIR program data in the manner contemplated by the Fourth Circuit. *See id.* at 346 n.12 ("[W]e are confident that the parties and the district court can reach agreement on any definitional questions, craft any necessary exceptions, and ensure procedures for complying with all constitutional obligations."). Paragraph 2 of the proposed injunction prohibits Defendants, their agents, employees, successors in office, and all others acting in active concert with them (including but not limited to Persistent Surveillance Systems ("PSS")), from accessing data generated by the AIR program, subject to the exceptions described in the injunction. *See* Proposed Order ¶ 2. Similarly, paragraph 4 of the proposed injunction specifies that PSS shall maintain sole possession of all other AIR program data consistent with the continuing confidentiality obligations and use limitations contained in its contract with the Baltimore Police Department, and that such data shall not be accessed for any purpose, subject to the exceptions described in the injunction. *See id.* ¶ 4.

With respect to the exceptions, Plaintiffs' proposed injunction permits Defendants to access the AIR program data in reports they possess for the purpose of sharing those reports with government prosecutors in existing criminal prosecutions or with defendants in criminal prosecutions. *See id.* ¶ 3. The proposed injunction also specifies that nothing within it shall be construed to preclude criminal defendants, their attorneys, or other members of defense teams from accessing AIR program data through the discovery process. *See id.* ¶ 5. In addition, although the proposed injunction permits Defendants and PSS to release AIR program data to government prosecutors, they may do so only in connection with prosecutions already existing

on June 24, 2021. *See id.* ¶ 6. Defendants may also access AIR program data for the purpose of disseminating the data to Plaintiffs in accordance with their discovery obligations in this case. *See id.* ¶ 8. Finally, AIR program data that has already been disseminated to the New York University Law School Policing Project, the RAND Corporation, the University of Baltimore, or the public shall not be subject to the limitations of paragraph 4. In other words, those entities and the public may continue to possess the AIR program data that is already in their possession. *See id.* ¶ 9.

## CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court enter the attached preliminary injunction.

Dated: August 25, 2021

 /s/ David R. Rocah            
David R. Rocah (Bar No. 27315)
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION OF MARYLAND
3600 Clipper Mill Rd., #350
Baltimore, MD 21211
Phone: (410) 889-8555
Fax: (410) 366-7838
rocah@aclu-md.org

 /s/ Ashley Gorski            
Ashley Gorski (pro hac vice)
*(signed by Ashley Gorski with permission of
 David R. Rocah)*
Brett Max Kaufman (pro hac vice)
Nathan Freed Wessler (pro hac vice)
Ben Wizner (pro hac vice)
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
agorski@aclu.org
bkaufman@aclu.org
nwessler@aclu.org
bwizner@aclu.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2021, I electronically filed the foregoing Motion for a Preliminary Injunction and Memorandum in Support with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing.

                                        /s/ *Ashley Gorski*
                                        Ashley Gorski (pro hac vice)

                                        *Counsel for Plaintiffs*